```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                       06-CR-291(34)(JMR/SRN)
```

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Janet Lisa Head | ) | |

This matter comes before the Court on defendant's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. The motion is denied.

I. <u>Background</u>

Janet Head was one of 34 defendants charged in a wide-ranging drug conspiracy on the Red Lake Indian Reservation in northern Minnesota. On November 14, 2007, she was charged in a Fourth Superseding Indictment with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846. The charge carried a mandatory minimum ten-year sentence. Michael Colich was appointed to represent defendant on November 20, 2007.

As the case proceeded toward trial, many of the codefendants pleaded guilty and began cooperating with the government. Defendant declined to do so until the eve of trial. On June 16, 2008, the first scheduled day of trial, defendant pleaded guilty to an Information charging her with using a communication facility to commit a felony drug offense, in violation of 21 U.S.C. § 843, which carries a maximum sentence of four years. While there was no

signed plea agreement, the government recognized its obligation to dismiss the Superseding Indictment's charge if the Court accepted her plea. (Plea Tr. at 28.)

After determining defendant was competent and understood her rights, the Court accepted her plea. On November 25, 2008, defendant was sentenced to 48 months' imprisonment. She did not appeal.

Defendant now seeks relief pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel. The government opposes her motion.

II. Analysis

To prevail on a claim of ineffective assistance of counsel, defendant must show that "counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). The Court's review is deferential; it presumes counsel is competent, and that the challenged decisions reflect counsel's strategic choices. Id. at 689.

Defendant first claims her attorney did not review tape recordings of the telephone conversations underlying her conviction. This bare assertion is unsupported by any facts, and flatly contradicted by the record.

At the change of plea hearing, the Court asked defendant if she was satisfied with her lawyer's representation, to which she answered yes. (Plea Tr. at 15.) During the plea colloquy, in an effort to help defendant recall the exact date of the telephone conversation, counsel stated:

> MR. COLICH: I've indicated to you on my having the opportunity to review the records and listen to tapes that it [the telephone conversation] occurred on that day; is that accurate?
>
> DEFENDANT HEAD: Yes.

(Plea Tr. at 48.) Mr. Colich has submitted an affidavit in connection with this motion stating he "reviewed countless phone conversation[s] between Ms. Head and co-defendants." (Affidavit of Michael Colich ¶ 11.)

Second, defendant claims she herself "was not given the opportunity" to hear the recorded telephone conversations. She does not allege she ever asked to review the recordings, or that counsel refused. In his own affidavit, counsel states that defendant was given the opportunity to listen to all recordings, but chose not to do so. (Colich Aff. ¶ 13.)

Defendant next claims the Court "suggested" she plead guilty. This is an assertion the Court takes very seriously. It finds absolutely no support in the record, which - indeed - precisely contradicts her assertion.

The transcript shows the Court repeatedly advised defendant that she had an absolute right to maintain her plea of not guilty

3

and go to trial. For example, at the outset of the hearing, the Court inquired:

> THE COURT: Let me ask you, have you discussed these matters with Mr. Colich?
>
> DEFENDANT HEAD: Yes.
>
> THE COURT: Have you visited with him and spoken about them?
>
> DEFENDANT HEAD: Yes.
>
> THE COURT: Has he made it clear that if you want to go to trial, he's ready to defend you, and you don't have to admit to anything? Do you understand that?
>
> DEFENDANT HEAD: Yes.
>
> THE COURT: Have you had enough time to talk with him?
>
> DEFENDANT HEAD: Yes.
>
> THE COURT: Have you been satisfied with his assistance?
>
> DEFENDANT HEAD: Yes.

(Plea Tr. at 15.) The Court later reviewed the charges in the Information, stating, "I remind you, even as to this new charge, you do not have to plead guilty. You have a right to plead not guilty; and if you choose to do so, you want to maintain that plea, that is called 'persisting in a plea of not guilty,' which will force the prosecutor to try and prove the charges. Now, you'd have to come to court, but he's the one who has to prove things. You don't. Do you understand that?" Ms. Head answered, "Yes, your Honor." (Plea Tr. at 22-23.)

Later, the Court asked Ms. Head: "I've asked if anybody forced you to take this deal that you've signed up for." Ms. Head

4

replied:

> DEFENDANT HEAD: No your Honor.
>
> THE COURT: Anybody threaten you?
>
> DEFENDANT HEAD: No.
>
> THE COURT: Anybody make any secret promises or special deals, or offer anything like that to you?
>
> DEFENDANT HEAD: No.

(Plea Tr. at 46-47.)

Conclusory assertions are insufficient to create an issue of fact in a Section 2255 motion. See United States v. Delgado, 162 F.3d 981, 983 (8th Cir. 1998). "A petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

The Court finds defendant's allegations are conclusory and contradicted by the record. She has failed to raise an issue of fact as to any of the claims raised in her Section 2255 motion. Accordingly, the motion is denied.

The Court has also considered whether it is appropriate to issue a Certificate of Appealability. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). The Court concludes that no issue raised in this petition is "debatable among reasonable jurists."

5

Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a Certificate of Appealability. 28 U.S.C. § 2253(c)(2).

III. Conclusion

For the foregoing reasons, IT IS ORDERED that defendant's motion [Docket No. 1557] is denied. Defendant's motion to proceed in forma pauperis [Docket No. 1558] is denied as moot.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 14, 2010

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States District Judge